THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY S. PERRI,

                    Plaintiff,

    v.

WILLIAM BURNS, *et al.*,

                    Defendant.

CASE NO. C22-5739-JCC

ORDER

This matter comes before the Court upon *sua sponte* review of Plaintiff's complaint (Dkt. No. 5), made pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* with his complaint. (Dkt. No. 1.) On October 5, 2022, the Honorable Brian A. Tsuchida, U.S. Magistrate Judge, granted Plaintiff's application. (Dkt. No. 4.) Summons has not yet issued.

A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to avoid dismissal for failure to state a claim upon which relief may be granted,

a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Sufficient factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint is saturated with incurable deficiencies. The facts alleged by the Plaintiff do not rise above the speculative level and are largely outside the realm of possibility. Plaintiff claims to have been tortured by "Laser Beam daily" and claims to be a victim of "[m]ultiple forms of other secret, overt Abuse." (Dkt. No. 5 at 2.) Plaintiff also claims to seek redress for a "lifetime of covert service" and to stop various government agencies from using his "name[], [and] codes, to run their wars." (*Id*.) Plaintiff also alleges that the "United States Government has Provided Chemicals, Incendiary devices . . . and Technology to facilitate the abuse and attacks." (*Id*. at 3.) These fanciful and unsupported allegations should be dismissed because they present no point of law that is arguable on the merits. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegations not supported by any facts."); *see also Norton v. Amador Cnty. Detention Facility*, 2009 WL 3824755 slip op. at 2 (E.D. Cal. 2009) (listing cases dismissed based upon fantastical or delusional allegations).

Further, none of the Defendants are residents of this federal district and there is nothing showing the alleged actions occurred within the district. The complaint is thus filed in the wrong federal district. *See* 28 U.S.C. § 1391(b). When a case is filed in the wrong federal district the

Court shall dismiss the case, or if it be in the interest of justice, transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a). As noted above the complaint is frivolous and thus dismissal, not transfer, is appropriate.

As it is clear the complaint could not be cured by amendment, the Court DISMISSES Plaintiff's complaint with prejudice and without leave to amend.[1]

DATED this 6th day of October 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

ORDER
C22-5739-JCC
PAGE - 3